IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER KARDOS, )
)
        Plaintiff, )
)
v. ) Civil Action No. 04-1182
)
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 14th day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.[1]

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

---

[1] In addition to his motion for summary judgment, plaintiff also filed a motion to remand (Document No. 6), which asks the court to remand this case to the Commissioner for all of the same reasons set forth in his summary judgment motion. For the reasons set forth herein, IT IS ORDERED that plaintiff's motion to remand be, and the same hereby is, denied.

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on February 13, 2003, alleging disability beginning September 1, 2002, due to back problems, emphysema and stomach problems.[2] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on December 17, 2003, at which plaintiff appeared represented by counsel. On March 25, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The

---

[2] For DIB purposes, plaintiff's insured status expired on December 31, 2002, thus plaintiff must establish that he became disabled prior to that date. See Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990) (claimant must establish disability prior to expiration of his insured status).

- 2 -

AO 72A
(Rev.8/82)

instant action followed.

Plaintiff was 42 years old when his insured status expired and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a truck driver and truck driver/laborer, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's wife and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and the residuals of two lumbar fusions, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a sit/stand option. In addition, plaintiff must avoid work that involves postural maneuvers, pushing and pulling, excessive vibration and moving machinery. Plaintiff also must avoid work that involves concentrated exposure to fumes, odors, dust, gases and poor ventilation (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the

vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an addresser/mail sorter, cutter/trimmer, electronic assembler or packager. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any

- 4 -

other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ's finding that his back impairment does not meet or equal any listing in Appendix 1 is not supported by substantial evidence. Even if his back impairment does not meet or equal a listing, plaintiff contends that the ALJ's step 5 finding that plaintiff retains the residual functional capacity to perform other work that exists in the national economy is not supported by substantial evidence.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d

- 5 -

at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ erred in failing to find that his back problem meets or equals listing 1.04A (relating to disorder of the spine). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has degenerative disc disease of the lumbar spine and the residuals of two lumbar fusions, which are severe impairments. The ALJ determined, however, that plaintiff's back impairment does not meet or equal a listed impairment. The ALJ stated that he considered the listings set forth in section 1.00 of Appendix 1. The ALJ then explained his reasoning why plaintiff's back impairment does not meet or equal any of those listings. (R. 15). The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his condition met, or was equal to, listing 1.04A prior to December 31, 2002, which was his date last

AO 72A
(Rev.8/82)

insured for DIB purposes.[3] For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5 of the sequential evaluation process, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to

---

[3] To meet or equal listing 1.04A, the claimant must show that he has a disorder of the spine (e.g., herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease) that results in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if the lower back is involved, positive straight leg raising test. Plaintiff cited an exam performed by his orthopaedic surgeon, Dr. Kramer, on October 21, 2002 (R. 190) and an exam performed by Dr. Jack Kabazie on December 20, 2002 (R. 162-63) as evidence that his back problem satisfied listing 1.04A. Neither of those exams indicate that plaintiff met, or was equivalent to, that listing. Dr. Kramer reported that plaintiff had tenderness over the L4-5 interspace, but his straight leg raising test was negative bilaterally and he did not have any motor or sensory deficits. (R. 190). Likewise, Dr. Kabazie stated that plaintiff could stand and heel/toe stand without difficulty. There was no muscle atrophy, motor function in the lower extremities was normal and there was no pain with straight leg raising. (R. 163). These exam reports do not establish that plaintiff satisfied the requirements of listing 1.04A.

consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

In this case, plaintiff challenges the ALJ's step 5 finding on two grounds: (1) the ALJ gave inadequate weight to the opinion of his treating physician; and (2) the ALJ did not properly evaluate his subjective complaints regarding his pain. For the reasons explained herein, the court is not persuaded by these arguments.

First, plaintiff contends that the ALJ erred by giving inadequate weight to the opinion of Dr. Mark Gottron, who was his primary care physician. According to Dr. Gottron, plaintiff could stand and walk only thirty minutes in an eight hour day, he could sit only thirty minutes a day, and he could not push or pull. (R. 200-01). Dr. Gottron's assessment would preclude plaintiff from performing even sedentary work.

A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Gottron's opinion was not entitled to controlling weight. As an initial matter, Dr. Gottron's assessment was rendered subsequent to plaintiff's date last insured. Even if Dr. Gottron's opinion had been offered during the relevant time period, that opinion was set forth in

- 8 -

conclusory fashion on a form report, and he did not cite any medical evidence to support it. Furthermore, Dr. Gottron's opinion is inconsistent with diagnostic tests performed before plaintiff's insured status expired. An MRI of plaintiff's lumbar spine performed on September 27, 2002 indicated that there was a small central disc herniation at L4-5, but the remainder of the lumbar spine disc interspaces were normal. (R. 153). However, a December 30, 2002 CT scan of plaintiff's lumbar spine showed a small central disc bulge at L4-5, but no disc herniation or annular tear. (R. 157). These tests contradict the restrictive assessment by Dr. Gottron. Furthermore, Dr. Gottron's opinion concerning plaintiff's work capabilities was inconsistent with the orthopaedic surgeon's opinion that plaintiff only was limited in performing strenuous work. (R. 205). For all of these reasons, the ALJ did not err in refusing to give controlling or significant weight to Dr. Gottron's opinion and assessment of plaintiff.

Plaintiff's other step 5 argument is that the ALJ did not properly evaluate his subjective complaints of pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). A review of the ALJ's decision indicates that the ALJ thoroughly evaluated plaintiff's credibility and he explained

AO 72A
(Rev.8/82)

why he discredited his subjective complaints regarding his pain.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including medical evidence, diagnostic tests, plaintiff's medications and the extent of his treatment, plaintiff's daily activities, plaintiff's own statements about his symptoms and statements by his treating and examining physicians about his symptoms and how they affect him. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. In addition, the ALJ stated that plaintiff's wife testified at the hearing that plaintiff could engage in more activities than he claimed to be capable of performing. Thus, the ALJ correctly questioned plaintiff's credibility as a result. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. The ALJ determined that the objective evidence is inconsistent with an individual experiencing debilitating pain. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 17, 21). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 17-18), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

- 10 -

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Jeffrey A. Pribanic, Esq.
Pribanic & Pribanic, LLC
1735 Lincoln Way
White Oak, PA 15131

Rebecca Ross Haywood
Assistant U.S. Attorney
Suite 400, U.S.P.O. & Courthouse
Pittsburgh, PA 15219